

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2009

# USA v. Allen Guy

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1565

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Allen Guy" (2009). *2009 Decisions*. Paper 944.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/944

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1565

UNITED STATES OF AMERICA

v.

ALLEN GUY,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 07-cr-00102-1)
District Judge: Honorable Christopher C. Conner

Submitted Under Third Circuit LAR 34.1(a)
July 17, 2009

Before: RENDELL, FUENTES and ROTH, Circuit Judges.

(Filed: July 27, 2009)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Allen Guy seeks a reduction in his sentence, arguing that the District Court failed

to consider whether his age, medical condition, and cooperation with the government

warranted a sentence below the applicable guideline range under 18 U.S.C. § 3553(a).

Because we conclude that the District Court adequately weighed these considerations, we will affirm the order of the District Court.

Appellant Allen Guy pled guilty to one count of possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(B)(iii), and was sentenced to 212 months in prison – a term within his guidelines range of 188 to 235 months.  On appeal, Guy maintains that his sentence was unreasonable, arguing that the District Court did not properly consider the § 3553(a) factors.  Specifically, Guy, who was 52 years old at sentencing, contends that his age, medical condition, and cooperation with the government warrant a sentence below his guidelines range.  We initially observe that Guy has the burden of demonstrating his sentence was unreasonable, and reiterate that a sentence within the guidelines range is more likely to be reasonable than one outside the guidelines range.  *See United States v. Cooper*, 437 F.3d 324, 331-32 (3d Cir. 2006).   Although "[t]here are no magic words that a district judge must invoke when sentencing," the record must "demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." *Id*. at 332.

Here, the District Court carefully considered factors supporting lenience: Guy's age, his "difficult economic circumstances," his numerous medical afflictions, including "hepatitis C, hypertension, . . . diabetes . . . [and] depression," and his cooperation with the government in the prosecution of a large drug ring. A. 56-57, 60-61.  Nonetheless, the

2

Court concluded that these considerations were overshadowed by § 3553(a) factors favoring a lengthy prison term. A career offender, Guy had fifteen prior convictions, eleven of which were for drug offenses and crimes of violence, including murder. A. 60. In the Court's view, Guy's substantial criminal history, coupled with his heroin addiction and unlawful possession of a firearm, demonstrated a "strong likelihood of recidivism" and evinced a fundamental lack of "respect for human life or the law." A. 60-62. Guy's commission of his most recent offense while on parole also convinced the Court that continued leniency would be ill-advised. A. 60-61. A lengthy sentence, the Court concluded, was necessary to provide "just punishment and deter the defendant from becoming reinvolved with drugs and violence." A. 61-62.

Although Guy urged that his substantial cooperation with the government warranted a reduced sentence, the Court reasonably concluded that Guy's plea bargain, which defense counsel lauded as "generous" and a "good charge bargain . . . in consideration for his cooperation," appropriately reflected his assistance. A. 53-54, 61. The Court astutely observed, "[H]ad the defendant pled to the indictment based upon the drug amounts for which he is responsible he would have faced a mandatory minimum of 360 months to life." A. 61. On this record, we readily conclude that Guy's sentence of 212 months, imposed after careful evaluation of the § 3553(a) factors, was reasonable.[1]

_____

[1] In the section of his brief entitled "Summary of Argument," Guy urges that "although not argued at sentencing, the disparity between the crack and cocaine powder guidelines also justifies a variance." Appellant's Br. at 11. Even assuming, *arguendo*,

3

Accordingly, we will AFFIRM the order of the District Court.

---

that the argument is properly before us, the District Court's failure to consider the crack-cocaine disparity *sua sponte* was not error. *See United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008); *United States v. Berggren*, 267 Fed. Appx. 868, 870 (11th Cir. 2008).